UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VALORIE A. BROWN §<br>  Plaintiff §<br> §<br>vs. §<br> §<br>MEGAN J. BRENNAN §<br>POSTMASTER GENERAL §<br>U.S. POSTAL SERVICE §<br>  Defendant § | CIVIL NO.   SA-16-CA-0563-OLG |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

TO THE HONORABLE DISTRICT COURT JUDGE ORLANDO L. GARCIA:

**NOW COMES** Valorie A. Brown, hereinafter called Plaintiff, and filed this Plaintiff's Response to Defendant's Motion to Dismiss and Memorandum in Support Thereof, and shows the Court the following:

I.  Facts

1. On September 13, 2016, Defendant filed Defendant's Motion to Dismiss and Memorandum in Support Thereof and asserts pursuant to Rule 12(b)(6) asserts that Plaintiff's entire complaint should be dismissed for failure to state a claim.  In support of this position Defendant asserts that Plaintiff did not exhaust her administrative remedies regarding her claims of discrimination, retaliation, and hostile work environment occurring between May 25, 2015 and October 10, 2015.  Defendant also asserts that Plaintiff did not allege sufficient facts for a valid claim for relief because she failed to state:

**(a)**  a claim for disparate treatment as to her claims of discrimination and retaliation associated with any materially adverse employment action;

1

**(b)**  a plausible claim for harassment because it was not based on her protected classification, was not severe or pervasive, and did not occur while Plaintiff was working; and

**(c)**  a plausible constructive discharge claim. To support each position Defendant offers to this court numerous cases, some of which were abrogated by *Burlington Northern & Santa Fe Ry Co. v. White*, 26 S. Ct. 2405, 2417 (2006).

## II.  Arguments and Legal Authorities

2.  Rule 12(b)(6) motions are disfavored in the law, and a court will rarely encounter circumstances that justify granting them. *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). A court may dismiss a claim only when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A motion to dismiss should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The claimant is not required to set out in detail the facts upon which the claim is based. Rather, the Rules require that the claim simply give the defendant "fair notice." *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination*, 507 U.S. 163, 168 (1993). Further, a court may not look beyond the pleadings. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court must accept as true the allegations in the complaint, and must view the allegations in the light most favorable to the plaintiff. *Id*; *Collins v. Morgan Standley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000); *In re Stac Eles. Sec. Litig.*, 89 F.3 1399, 1403 (9th Cir. 1996). The Rules also dictate that the pleadings be liberally construed "as to do substantial justice." *Id*. If the factual allegations in Plaintiff's complaint support any legal theory that entitled Plaintiff to some relief the should overrule Defendant's Motion.

3. Defendants motion asserts that Plaintiff's complaint is not formulated into a specific format to support her request for relief, thus be dismissed. Defendant's motion asserts the Plaintiff's complaint fails to outline the extent of the harassment or hostile work environment she endured, as well as, describe in detail any adverse employment action, etc. Defendant is requesting that the Court dismiss Plaintiff Complaint because her pleading do not conform to a rejected heightened pleading requirement. Essentially, Defendant is demanding Plaintiff marshal all her evidence in her initial pleading without allowances for amendment(s) as she discovers additional evidence during the discovery.

4. Pursuant to Federal Rule Civil Procedure Rule 12(b)(6) … "a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted …;" Fed. R. Civ. Pro. §12(b)(6). The United States Supreme Court interpreted Rule 12(b)(6) failure to state a claim broadly, to eliminate any formulaic, "ridged, mechanized, or ritualistic" pleading requirement which would result in the dismissal of employment discrimination complaints. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A party's "complaint must include only a short and plain statement of the claim showing that the pleader is entitle to relief. Such as statement must simply give the defendant fair notice of the what the plaintiff's claim is and the ground upon which it rests." *Id*.; Fed. R. Civ. §8(a)(2).1

5. In *Bell Atlantic Corp. v. Twombley* and *Ashcroft v. Iqbal* cited by Defendant, the Court describes in each, why the *Swierkiewicz v. Sorema N.A.* should be distinguished from traditional discrimination cases. *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1973 (2007);

---

1 The Court went on to say that "[a] court may dismiss a compliant only if it is clear that no relief could be granted under any set of facts and that could be proved consistent with the allegations." *Id*. at 514.

*Ashcroft v. Iqbal*, 56 U.S. 662, 670 (2009).  In both aforementioned cases the Court describes *Swierkiewicz*'s pleadings as specific and sufficiently detailed which both the latter were not.2  Further, "in discrimination cases or precedents require a plaintiff at the summary judgment to produced either direct evidence of discrimination if the claim is based primarily or circumstantial evidence to meet the shifting evidentiary burdens imposed under the framework articulated in McDonnell …"  *Twombley*, at 1982.  The Court went on to say that the "Rule 8(a)(2) does not contemplated a court's passing on the merits of a litigant's claim at the pleadings stage."  *Id*.

      6.      The cases cited by Defendant have a common theme.  In each case the District Court allowed the parties to complete discovery before deciding the case via summary judgment or submitting the same to a jury.3  At no time were the Plaintiffs in those case required to marshal all their evidence at the initial pleadings stage, as requested here by Defendant.  Plaintiff asserts the Supreme Court offers lower Courts directions regarding claims Defendant of lack merit or i.e., fail to state a claim.  First, a lower court should dismiss only if it is clear that no relief can be granted under any set of facts based on a parties' allegations.  In this case, unlike the *Twombley*/*Iqbal*, there is before discovery a facial plausibility that this court may draw a

---

2 *Twombley*, 127 S.Ct. at 1973; *Iqbal*, 56 U.S. at 670.  In *Swierkiewicz* described "events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination ...," as well as a time frame for the alleged events.

3 *Burlington Northern & Santa Fe Ry Co., v. White*, 548 U.S. 53 (2006); *Ogden v. Brennan*, No. 15-50698, 2016 WL 3996702 (5th Cir. July 25, 2015) **Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4)**; *Fowler v. Timber Rock R.R., L.L.C.*, 617 F.App'x 306 (5th Cir. 2015); *McCoy v. City of Shreveport*, 492 F.3 551, 559 (5th Cir. 2007); *Burrle v. Plaquemines Parish Government*, 553 F. App'x 392 (5th Cir. 2014); *Walter v. Thompson*, 214 F3d 615 (5th Cir. 2000); *Watts v. Kroger Co.*, 170 F.3d 505 (5th Cir. 1999); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258 (5th Cir. 1999); Bragg v. Navistar Int'l Transp. Corp., 164 F.3d 373 (7th Cir. 1998); *Mattern v. Eastman Kodak Co.*, 104 F3d 702 (5th Cir. 1999); Messer v. Meno, 130 F3d 130, 140 (5th Cir. 1997); Farpella-Crosby v. Horizon Health Care,97 F.3d 803 (5th Cir. 1986); *Robles v. Texas Tech Univ. Health Sci. Ctr*., 131 F. Supp. 3d 616 (W.D. Tex. 2015); *McCray v. DPC Industries, Inc.*, 942 F. Supp. 288 (E.D. Tex. 1996).

4

reasonable inference that Defendant is liable for the misconduct of its employees.  Second, discovery should occur and the party given an opportunity to "unearth relevant facts and evidence to support his or her claims."  *Swierkiewicz* 534 U.S. at 514.  In summary a parties' complaint should not be dismissed except in extraordinary circumstances, which do not exist here.

7.    Plaintiff's compliant provides Defendant was more than short and plain statement of her claims, and why she entitled to relief.  First, Plaintiff in her Original Complaint describes numerous adverse employment actions by Defendant's managers which had a disparate impact upon her because, of her race, gender, disability, age, and prior EEO activity which impacted the term and conditions and privileges of her job.4   Second, Plaintiff in her pleadings cites numerous dates and times in which Defendant's managers engaged in acts of discrimination and harassment supported by witnesses, who verified the existence of a hostile work environment.  Third, there was no discovery during the original EEO process and Plaintiff should be allowed to conduct discovery now.  Fourth, the change of job duties and lose of pay is not the only consideration the Court is required to review to determine whether Plaintiff was harmed, a court can consider and award nominal damages as well as, damages for emotional destress.  *Burlington Northern & Santa Fe Ry Co.,* 126 S. Ct. at 2417.  Finally, Plaintiff in her pleadings outlines the emotional impact Defendant's Managers discriminatory, retaliatory, and harassment had upon her on and off the job, which impacted her ability to perform her job duties, and ultimately resulted in her decision to retire.5   *Id.*, at 2412, 2413; See foot not two supra.

---

4 Plaintiff in her Original Complaint lists various adverse employment actions such as denial of leave, delay in granting leave, or requiring her to engage in additional actions to obtain leave, refusal to allow her access to rest room as a form of accommodation in light of her medical condition, and could likely deter others from filing complaints of discrimination.   See ¶ 17, 20-25, 28-30, 32-35, 37-39, 41-44, 49-51, 53-58, 67-68, 72-78, 82.

5  As the Court indicated in *Burlington Northern & Santa Fe Ry Co.*, "the real social impact of workplace behavior

8. In this case, Plaintiff alleged three cause of actions supported by twenty-eight discrete facts denying her the privileges and benefits of her employment in support of her claim of racial discrimination under Title VII. The elements for a claim of racial discrimination as to Plaintiff is (1) his membership in a protected group, white / Angelo; (2) an adverse employment action against her because of her race; and (3) that he was treated differently than similarly situated person outside the protected group, who were not white. *McDonnell Douglas Corp. v. Green*, 411U.S.792, 807, 93 S.Ct.1817 (1973). To support her claims of racial discrimination Plaintiff presents numerous facts in paragraphs eighty-five and ninety-five as well as, their subparagraphs of her original complaint. Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of her race. Further, Plaintiff has witnesses to support this cause of action, and is likely to develop additional evidence during the discovery process to support the same.

9. Plaintiff alleged three cause of actions for gender discrimination under Title VII. The elements for a claim of gender discrimination as to Plaintiff is (1) his membership in a protected group here her gender; (2) an adverse employment action against her; and (3) that he was treated differently than similarly situated person outside the protected group because of her gender. *Id*. To support her claim of gender discrimination Plaintiff lists numerous facts in paragraphs one hundred eight and one hundred fifteen as well as, their subparagraphs in her Original Complaint. Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of her gender. Further, Plaintiff has witnesses to support this cause

---

often depends on a constellation of surrounding circumstances, expectations, and the relationship which are not fully captured by a simple recitation of the words used or the physical acts performed." *Id*. *Swierkiewicz*, 534 U.S. at 512 (2002).

of action, and is likely to develop additional evidence during the discovery process to support the same.

10.     Plaintiff alleged three cause of actions for age discrimination under Title VII.  The elements for a claim of age discrimination as to Plaintiff is (1) his membership in a protected group forty years or older; (2) an adverse employment action was taken against her; and (3) that he was treated differently than similarly situated person outside the protected group because of her age. *Id*.  To support her claim for age discrimination Plaintiff lists numerous facts in paragraphs one hundred thirty, one thirty-three, one thirty-nine as well as, their subparagraphs of her Original Complaint.  Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of her age.  Further, Plaintiff has witnesses to support this cause of action, and is likely to develop additional evidence during the discovery process to support the same.

11.     Plaintiff alleged three cause of actions supported by eleven discrete incidents of disability discrimination under Title VII.  The elements for a claim of disability discrimination as to Plaintiff is (1) his membership in a protected group his is disabled within the meaning of Rehabilitation Act; (2) an adverse employment action was taken against her because of her disability; and (3) that he was treated differently than similarly situated person outside the protected group because of her disability.  *Id*.  To support claim of disability discrimination Plaintiff lists numerous facts in paragraphs one hundred forty-five, one hundred fifty-two, and one hundred fifty-nine, as well as their subparagraphs in her Original Complaint.  Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of her disability.  Further, Plaintiff has witnesses to support this cause of action, and is likely to develop additional evidence during the discovery process to support the same.

12. Plaintiff alleges one cause of actions for retaliation under Title VII associated with twenty-eight discrete acts of retaliation. The elements for a claim of retaliation are (1) participation in Title VII protected activity; (2) that the acting agency official was aware of the protected activity; (3) that he was subjected to an adverse employment action; and (4) a causal link between the protected activity and the adverse employment action. *Id*. To support claim of retaliation Plaintiff lists numerous facts in paragraphs one hundred sixty-nine and its subparagraphs of her Original Complaint. Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of Defendant's employees' retaliation. Further, Plaintiff has witnesses to support this cause of action, and is likely to develop additional evidence during the discovery process to support the same.

13. Plaintiff alleges one cause of actions for hostile work environment under Title VII. The elements for a claim of hostile work environment are (1) unwelcome harassment; (2) the harassment was based upon her protected status; and (3) the harassment complained of affected the terms, conditions, or privileges of her employment. *Harris v. Forlift Systems, Inc.*, 510 U.S. 17, 21, 23 (1993); *Mota v. University of Texas,* 261 F3d 512, 523-24 (5th Cir. 2001). To support claim of harassment and the existence of a hostile work environment, Plaintiff lists numerous facts which outline how pervasiveness of the harassment she endured in paragraphs one hundred seventy-five and its subparagraphs of her Original Complaint. Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of the existence of a hostile work environment. Further, Plaintiff has witnesses to support this cause of action, and is likely to develop additional evidence during the discovery process to support the same.

14. Defendant asserts that there were no adverse employment actions associated with

any of plaintiff's causes of actions.  Specifically, Defendant asserts that the adverse employment action was not related to her pay, job assignments, and promotions.  Plaintiff is arguing that there were adverse employment actions because of the numerous discriminatory and retaliatory decisions employees of Defendant made regarding:

(1) her numerous requests for leave;
(2) multiple requests for CA-17s;
(3) denial of leave on multiple occasions;
(4) numerous denial of issuance of CA-17s;
(5) additional requirements for returning CA-17 which were imposed upon her and no other employees;
(6) the failure to investigate all her claims of differential treatment by Defendant;
(7) emotional distress she endured for years due to her fear of coming to work and being yelled by her supervisor numerous times during a month without justification or reason;
(8) loss of her health benefits which caused her to incur additional heath care expense; and
(9) her final decision to retire whether than endure additional harassment.

15.    The aforementioned acts were adverse employment actions because they impacted the terms, conditions, and benefit of her employment with Defendant, which caused Plaintiff undue hardship and economic expense.  Based on all of the materially adverse acts Plaintiff endured (many in the presence of her co-workers) is sufficient to dissuade a reasonable employee for making or support a charge of discrimination. *Burlington Northern & Santa Fe Ry Co.*, 126 S. Ct. at 2415.  In *Burlington* the Court found that various employment actions may be materially adverse depending on the circumstances of a particular case and should be analyzed from the perspective of a reasonable person in the Plaintiff's position.  *Id.* at 2416.   The *Burlington* Court directed lower Courts to review the actions of a reasonable employees to establish objective harm criteria in response to the actions of retaliatory or discriminatory employer.  *Id*. 2415.

16. Plaintiff agrees that she did not exhaust her administrative remedies associated with events occurring between May 25, 2015 and October 10, 2015. Plaintiff will amend her complaint accordingly.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Valorie A. Brown, respectfully prays that this Court will **DENY** Defendant's Motion to Dismiss and Memorandum in Support Thereof.

Respectfully submitted,

By: /s/ *Markes E. Kirkwood*
MARKES E. KIRKWOOD
Attorney at Law
Texas Bar No. 24032509
LAW OFFICES OF MARKES E. KIRKWOOD P.L.L.C.
2600 McCullough Avenue
San Antonio, Texas 78212
Tel. (210) 532-1000
Fax. (210) 572-7575
Attorney for Plaintiff: Valorie A. Brown

Certificate of Service

I, Markes E. Kirkwood, hereby certify that on the October 10, 2016, a true and correct copy of Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendant's Motion to Dismiss and Memorandum in Support Thereof, has been forwarded to Robert Shaw-Meadow Clerk of the court using the CM/ECF System which will send notification of such filing at rob.shaw-meadow@usdoj.gov.

/s/ *Markes E. Kirkwood*
MARKES E. KIRKWOOD
Attorney at Law