UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALORIE A. BROWN, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. SA-16-CV-0563-OLG |
| | § | |
| MEGAN J. BRENNAN, | § | |
| POSTMASTER GENERAL, | § | |
| U.S. POSTAL SERVICE, | § | |
|    Defendant. | § | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

### Overview

While Plaintiff is correct that Rule 8(a) only requires that she submit a "short and plain statement of the claim showing that [she] is entitled to relief," her Original Complaint is anything but. The number of words used or claims plead does not equate with facial plausibility and whether Plaintiff can survive Defendant's Motion to Dismiss. Plaintiff concedes that Rule 8 had been interpreted in conjunction with Rule 12(b)(6) by *Iqbal* and *Twombly* to require a plaintiff to show "facial plausibility," such that a court "may draw [the] reasonable inference that Defendant is liable for the misconduct [alleged]."[1]

Ironically, in response to Defendant's Motion to Dismiss, Plaintiff does little more than make conclusory allegations – repeated by rote with respect to each claim: to wit, "[t]o support her claim of gender [age, disability, retaliation, hostile work environment], Plaintiff has listed numerous facts in paragraphs one hundred eight and one hundred fifteen [et cetera] as well as their subparagraphs in her Original Complaint. Plaintiff suffered nominal damages as well as, damages for the emotional distress she endured because of her gender. Further, Plaintiff has witnesses to

---

[1] Plaintiff's Response at ¶ 6; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (both discussed at pp. 5-6 of Motion to Dismiss.

1

support this cause of action, and is likely to develop additional evidence during the discovery process . . ."[2]

By simply referring the Court to her multifarious pleadings with hardly any analysis or explanation, Plaintiff has also abdicated her responsibility for explaining why her claims are facially plausible.  In essence, Plaintiff is stating that she thinks she has plead enough facts to state a claim, but the Court needs to figure that out by reviewing her 182 paragraphs of verbiage.  This is Plaintiff's burden, however, not the Court's.[3]

Plaintiff also misapprehends Defendant's argument.   Contrary to Plaintiff's repeated assertion, the Postal Service is **not** arguing that Plaintiff is required "to marshal all [her] evidence at the initial pleadings stage,"[4] or for the Court to "pass . . . on the merits of [her claims] at the pleadings stage."[5]  Instead, the Postal Service is simply asking the Court to apply the well-settled standards developed in *Iqbal* and *Twombly* to determine whether she has raised a "right to relief above the speculative level."[6]   There are two prongs to this inquiry: first, whether Plaintiff has plead factual allegations rather than legal conclusions; and, second, whether these **factual**

---

[2] Plaintiff's Response at ¶ 9 (emphasis added); *see also* the nearly identical "formulaic recitation" by Plaintiff with respect to her other legal claims, at ¶¶ 10, 11, 12, 13.

[3] *See, e.g., Ogden v. Brennan*, No. 15-50698, __ F. App'x __, 2016 WL 3996702, at * 3 (July 25, 2016) ("The district court does not have a 'duty to sift through the record in search of evidence' to support [Plaintiff's] claims." (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *Nicholas Acoustics & Specialty Co. v. H & M Const. Co., Inc.*, 695 F.2d 839, 846 (5th Cir. 1983) ("Judges are not ferrets!").  Plaintiff cites Fifth Circuit Rule 47.5 to suggest that unpublished cases may not be cited as precedent.  However, this rule does not prohibit a litigant from citing unpublished cases as persuasive authority --  in either the appellate court or in the District Court.  *See United States v. Dowl*, 619 F.3d 494, 501 (5th Cir. 2010) (citing unpublished opinion for persuasive value); *Windland v. Quarterman*, 578 F.3d 314, 317 n.4 (5th Cir. 2009) (citing unpublished opinion as "an example of [this Court's] past practice" on a matter).

[4] Plaintiff's Response at ¶ 6.

[5] Plaintiff's Response at ¶ 3 (quoting *Twombly*).  Nor has USPS argued that Plaintiff's Complaint should be dismissed because it is "not formulated into a specific format to support her request for relief, " or because the Complaint does "not conform to a rejected heightened pleading standard." *Id*.

[6] *Twombly*, 550 U.S. at 555.

allegations – if accepted as true[7] – establish a plausible claim which allows the Court to draw the inference that defendant is liable.[8]  As argued in the Motion to Dismiss, Plaintiff's claims run aground both because they are conclusory, and because even if her allegations are accepted as true, they still do not state a legally plausible claim.

Plaintiff also never addresses the salient fact that she was not even in the workplace after April 8, 2013 because of her inability to physically perform her job duties.

## <u>Reply Argument</u>

1.   **Plaintiff has conceded that many of her claims should be dismissed for failure to exhaust administrative remedies.  (Motion to Dismiss at pp. 6-7).**

In Paragraph 16 of her Response, Plaintiff acknowledges that she has not exhausted her administrative remedies regarding all of her claims which arose between May 25, 2015 and October 10, 2015.  Plaintiff has no response to Defendant's argument that Claim No. 10 regarding a sick leave buy back request on July 14, 2013 is untimely.  Accordingly, at the very least, Claim No. 10, and Claim Nos. 21-27 – with the exception of the age discrimination claim – should be dismissed for failure to exhaust administrative remedies.[9]

2.   **Plaintiff relies upon outdated legal standards which have been overruled.**

Twice in the introductory section of her Response, Plaintiff cites 1984 and 1986 case law for the no longer valid proposition that "[a] motion to dismiss should not be granted unless it appears beyond doubt that plaintiff can **prove no set of facts** in support of his [sic] claim that would entitle him or her to relief."[10]  This is no longer the standard for evaluating a Rule 12(b)(6)

---

[7] If the Court determines that the statements in Plaintiff's pleadings are mere legal conclusions, they are not entitled to the assumption of truth.  556 U.S. at 678.
[8] *See Iqbal*, 556 U.S. at 678-679.
[9] *See generally* Motion to Dismiss at p. 7.
[10] Plaintiff's Response at ¶ 2 (emphasis added).

motion.  The Fifth Circuit in *In re Katrina Canal Breaches Litig.*,[11] recognized that the "no set of facts" standard has been abrogated by *Twombly*:

> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. . . . This standard derived from *Conley v. Gibson* . . . But recently in [*Twombly*], the Supreme Court made clear that the *Conley* rule is not 'the minimum standard of adequate pleading to govern a complaint's survival.'[12]

Plaintiff incorrectly cites *Blackburn v. City of Marshall*[13] for the proposition that "a court may not look beyond the pleadings."[14]   Nowhere does the *Blackburn* decision so state.  What Blackburn did say was that "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."[15]   In fact, in *Blackburn*, the Fifth Circuit affirmed the district court's granting of a Rule 12(b)(6) motion in favor of one of the defendants because the plaintiff failed to allege any First Amendment violation.[16]   Furthermore, a recent Fifth Circuit case citing *Iqbal, Twombly* and *Blackburn* stated that while the Rule 8 standard does not require detailed factual allegations, when a complaint 'lacks allegations that can plausibly support the required elements of a claim, **it should be dismissed**."[17]

**3.**     **The *Swierkiewicz* case does not rescue Plaintiff's pleadings.**

---

[11] 495 F.3d 191, 205 n.10 (5th Cir. 2007).
[12] *Id*. (quoting *Twombly*, 550 U.S. at 563.
[13] 42 F.3d 925 (5th Cir. 1995).
[14] Plaintiff's Response at ¶ 2.
[15] 42 F.3d at 931.
[16] 42 F.3d at 934-935.
[17] *Guajardo v. JP Morgan Chase Bank*, 604 F. App'x 240, 243 (5th Cir. 2015) (emphasis supplied).

The Supreme Court in ***Swierkiewicz v. Sorema, N.A.***, held that "the ordinary rules for assessing the sufficiency of a complaint apply [to employment discrimination plaintiffs],"[18] and that such plaintiffs were not required to set forth with specificity every element of a *prima facie* case under ***McDonnell Douglas*** in order to survive a Rule 12)(b)(6) motion to dismiss.[19]   In reaching this decision, the Supreme Court relied upon the subsequently discredited "any set of facts" standard from ***Conley v. Gibson*** and ***Hishon v. King & Spalding***.[20]

As Plaintiff herself recognizes, ***Swierkiewicz*** is readily distinguishable, but not because it is a "non-traditional" discrimination case.   The same pleading standards apply to all types of employment discrimination cases under ***Twombly*** and ***Iqbal***.   ***Swierkiewicz*** is distinguishable because, unlike Ms. Brown's Complaint,  the ***Swierkiewicz*** complaint "described 'events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination  . . .,' as well as a time frame for the alleged events."[21]  In addition, the ***Swierkiewicz*** complaint identified a similarly-situated employee outside his protected group who was promoted to his position with far less experience.[22]   Finally, the Supreme Court explained how in ***Swierkiewicz***  further discovery could reveal evidence of discrimination of which Plaintiff was not aware,[23] whereas in this case, the issues upon which the Postal Service has based its Motion to Dismiss are uniquely within Plaintiff's personal knowledge.

---

[18] 534 U.S. 506, 511 (2002).

[19] 534 U.S. at 511.

[20] 534 U.S. at 512-514.  Plaintiff relies (improperly) on ***Hishon***, among other dead letter cases, as set forth in Reply Argument 2.

[21] Plaintiff's Response at n. 2 (quoting ***Swierkiewicz*** , 534 U.S. at 514).

[22] 534 U.S. at 508-09.

[23] 534 U.S. at 511-12 ("Under the Second Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint must plead a prima facie case of discrimination, even though discovery might uncover such direct evidence.  It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove  . . .").

In short, the *Swierkiewicz* complaint would meet the *Twombly/Iqbal* standard; Ms. Brown's Complaint does not.

In addition, *Swierkiewicz* may no longer be good law.[24]  But regardless of the continuing viability of *Swierkiewicz*, Plaintiff must satisfy the *Iqbal/Twombly* standard: "*Swierkiewicz* cannot be read in a vacuum; the district court must also consider whether the complaint satisfies *Iqbal*'s 'plausible on its face' standard and whether the allegations are sufficient to 'raise a right to relief above the speculative level' under *Twombly*."[25]

**4.     The lack of formal discovery is no reason to allow Plaintiff's claims to proceed.**

Plaintiff also argues repeatedly that "discovery should occur," and that she should be given an opportunity to "'unearth relevant facts and evidence to support . . . her claims,'"[26]  relying upon *Swierkiewicz*.  First, as set forth above, *Swierkiewicz* may be a dead letter, and the Court should analyze Plaintiff's Complaint through the lens of *Iqbal* and *Twombly*.  At best, *Swierkiewicz* is distinguishable, which Plaintiff herself seems to recognize.  Second, Plaintiff has merely repeated the identical legal conclusion/mantra that "Plaintiff has witnesses to support this cause of action, and is likely to develop additional evidence during the discovery process to support

---

[24] Although the Fifth Circuit has not expressly recognized that *Swierkiewicz* has been abrogated by *Twombly* and *Iqbal*, two other Circuits have: *McCone v. Pitney Bowes Inc.*, 582 F. App'x 798, 801 n.4 (11th Cir. 2014) ("*Twombly* effectively overruled *Swierkiewicz* when it rejected the old standard of dismissal set out in *Conley v. Gibson* . . ."); and *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (*Swierkiewicz* "has been repudiated by both *Twombly* and *Iqbal* . . . at least insofar as [*Swierkiewicz*] concerns pleading requirements and relies on *Conley [v. Gibson*] . . . ."). *See also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007). *But see Al-Kidd v. Ashcroft*, 580 F.3d 949, 974 (9th Cir. 2009) (stating that *Twombly* "reaffirmed" *Swierkiewicz* 's "reject[ion of] a fact pleading requirement for Title VII employment discrimination"), *rev'd on other grounds sub nom. Ashcroft v. Al–Kidd,* 563 U.S.731 (2011).
[25] *McCone*, 582 F. App'x   at 801(affirming dismissal of complaint under Rule 12(b)(6) for Plaintiff's failure to allege that he had suffered an adverse employment action).
[26] Plaintiff's Response at ¶ 6 (quoting *Swierkiewicz*); *see also id*. at ¶ 7 ("there was no discovery during the original EEO process and Plaintiff should be allowed to conduct discovery now.").

the same."[27]  Plaintiff never explains what such discovery might reveal, and the repetitious nature

of this conclusory assertion with respect to each of her claims strongly suggests that Plaintiff has

no idea how additional discovery could rescue her claims.  Third, while Plaintiff may not have had

the opportunity to take formal discovery during the administrative EEO process, an extensive

investigation was completed, and the Court may take judicial notice that EEO investigations for

federal sector employees are far more extensive than investigations done for private sector

employees.  Fourth, and perhaps most importantly, the specific pleading deficiencies challenged

by the Postal Service relate to **issues which are within Plaintiff's personal knowledge**: 1) how

she was personally materially affected by the Postal Service's challenged employment decisions;

and, 2) how she was personally subjected to an allegedly hostile work environment.[28]  Therefore,

additional discovery is wholly unnecessary and unsupported.

5.      **Plaintiff has plead mere legal conclusions which are not entitled to the presumption of truth.**

---

[27] Plaintiff's Response at ¶ 8 (race discrimination claim); ¶ 9 (gender discrimination claim); ¶ 10 (age discrimination claim); ¶ 11 (disability discrimination claim); ¶ 12 (retaliation claim); ¶ 13 (hostile work environment claim).

[28] Indeed, even assuming that formal discovery was to uncover alleged incidents of harassment of which Plaintiff was unaware, such incidents **would not** assist Ms. Brown in stating a cognizable hostile work environment claim.  *See, e.g., Cross v. FPP Operating Partners, LLP*, No. Civ. A. 799CV160-R, 2001 WL 1143159, at *11 (N.D. Tex. Sept. 25, 2001) ("Neither *Faragher* [n]or *Ellerth* altered the requirement under *Harris* that a working environment must be both subjectively and objectively hostile, which implies a requirement that the Plaintiffs be aware of the overt racism on a daily basis while employed.  Even assuming that [defendant's manager's] racist attitudes ultimately resulted in the Plaintiffs being treated differently, Plaintiffs have failed to demonstrate that their cognitive awareness of the different treatment they received was sufficient to meet this Circuit's high standard of an 'abusive working environment.'").

Most of Plaintiff's Response is filled with just the sort of legal conclusions, which a district court should not accept under ***Iqbal*** and ***Twombly***, and which are not entitled to any presumption of truth:

- "Plaintiff suffered . . . damages for the emotional distress she endured because of her race;"[29]

- "Plaintiff . . . is likely to develop additional evidence during the discovery process to support [her claim of gender discrimination]."[30]

- "To support claim of harassment and the existence of a hostile work environment, Plaintiff lists numerous facts which outline how pervasiveness [sic] of the harassment she endured in paragraphs [175] and its subparagraphs of her Original Complaint."[31]

- "The aforementioned [nine] acts were adverse employment actions because they impacted the terms, conditions and benefit of [Plaintiff's] employment with Defendant, which caused Plaintiff undue hardship and economic expense."[32]

Plaintiff does not address whether she has stated an adverse employment action with respect to her disparate treatment discrimination claims. With respect to her retaliation claim,

---

[29] Plaintiff's Response at ¶ 8. A plaintiff's allegation of subjective emotional distress is not enough to overcome a Rule 12(b)(6) motion. *See, e.g.*, No. 11C981, ***Kaplan v. New Trier High School***, 2011 WL 5301786, at *4 (N.D. Ill. Nov. 2, 2011) ("Plaintiff also alleges that the "stress" of the remediation plan caused her to suffer depression and exacerbated her diabetes symptoms. The Court does not see how a plaintiff's subjective emotional response to an otherwise-legal action would turn that action into a material adverse action, and the plaintiff has not pointed to any case that says it can. . . . Adverse employment actions ... do not extend to the subjective impact of a particular action on an employee's psyche.") (citations omitted).

[30] Plaintiff's Response at ¶ 9. This claim was addressed in Reply Argument 4, *supra*.

[31] Plaintiff's Response at ¶ 13. Such general claims of harassment are conclusory allegations which do not survive a Motion to Dismiss. *See, e.g.*, ***Robinson v. Lake Minnehaha Owner's Ass'n***, No. 2:12-CV-108-TLS, 2012 WL 6197150, at *4 (N.D. Ind. Dec. 12, 2012) ("That the Defendant "maintained an environment of discrimination and harassment ... due to his race," or "subject[ed] the Plaintiff to a hostile work environment" (Compl.¶ 13), are legal conclusions, and legal conclusions must be supported by factual allegations. . . . ***McReynolds v. Merrill Lynch & Co.***, 694 F.3d 873, 885 (7th Cir. 2012) (noting that "although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion")). Plaintiff otherwise punts on her hostile work environment claim.

[32] Plaintiff's Response at ¶ 15.

8

Plaintiff's general statements that the sufficiency of the claim may depend on "the circumstances of the particular case"[33] are correct, but Plaintiff provides no details or explanation to support why a reasonable employee in her circumstances would have been dissuaded from making or supporting a charge of discrimination.  Nor does Plaintiff explain how the alleged nine acts "caused Plaintiff undue hardship and economic expense."  Defendant already addressed these nine alleged acts in its Motion to Dismiss, and Plaintiff does not cite a single case indicating that these allegations are sufficient to state a claim.  The cases cited by the Postal Service – and unrebutted by Plaintiff – demonstrate that as a general rule the actions alleged by Plaintiff do not rise to the level of material adversity.[34]

**6.    Pre-discovery 12(b)(6) motions for failure to state a claim are routinely granted in employment discrimination cases.**

---

[33] Plaintiff's Response at ¶ 15.

[34] *See* argument at pp. 9-12, and authorities and evidence cited at notes 26-35 of Motion to Dismiss. *See also* **Lurensky v. Wellinghoff**, 167 F. Supp. 3d 1, 20 (D.D.C. 2016) (dismissing on Rule 12(b)(6) motion retaliation and discrimination claims including alleged denial of advance leave; delayed response to requests for advance sick leave; refusal to assist plaintiff in obtaining access to leave information; and requiring plaintiff to provide medical documentation in support of her request for advanced sick leave), *appeal filed,* No. 16-5096 (D.C. Cir. Apr. 27, 2016).

Without citing any authority, Plaintiff argues that a plaintiff's complaint should not be dismissed for failure to state a claim except in "extraordinary circumstances."[35]  Numerous post-*Twombly* and *Iqbal* cases hold to the contrary, however.  In addition to the two cases cited in Defendant's Motion to Dismiss (*Evans-Rhodes* and *Sherrod*), several courts in this District – including this Court -- have dismissed complaints for failure to state a claim, on pre-discovery Rule 12(b)(6) motions.[36]  The Fifth Circuit has also affirmed numerous district court dismissals for failure to state a claim in similar circumstances.[37]

For all the foregoing reasons, as well as the reasons outlined in Defendant's Motion to Dismiss, Plaintiff's Complaint should be DISMISSED WITH PREJUDICE.

---

[35] Plaintiff's Response at ¶ 6.  Plaintiff also argues that the "common theme" from Defendant's cited cases is that "[i]n each case the District Court allowed the parties to complete discovery before deciding the case via summary judgment or submitting the same to a jury."  *Id*.  Plaintiff then cites fourteen cases in a long string.  Plaintiff is grasping at straws.  However, these 14 cases did not overrule Rule 12(b)(6) motions because discovery had not occurred, or hold that dispositive legal issues could only be determined on summary judgment.  These cases do not address the propriety of Rule 12(b)(6) motions.  Moreover, Defendant did not cite these cases for the specific proposition that Rule 12(b)(6) motions should be granted pre-discovery.  These 14 cases were cited by the Postal Service for other settled legal propositions which Plaintiff has not disputed.  *See generally* Defendant's Motion to Dismiss.  Defendant did cite two cases for the proposition that "[w]here the plaintiff's allegations do not meet the high standard required for severe or pervasive conduct, it is appropriate to dismiss the case **at the pleading stage under Rule 12(b)(6)** . . ." – *Evans-Rhodes* and *Sherrod*.  Both of these cases were decided after *Twombly* and *Iqbal*, and Plaintiff makes no attempt to explain them away.  *See* Motion to Dismiss at pp. 13-14 & n. 46.  As shown *infra* note 36, numerous other courts in this Circuit have similarly ruled.

[36] *See, e.g., Billings v. Propel Financial Servs, LLC*, No. 5:14-CA-00764-OLG, 2014 WL 7448248 (Nov. 28, 2014) (tax lien case), *aff'd*, 821 F.3d 608 (5th Cir. 2016), *pet. for cert filed* June 21 2016; *Roberts v. Ochoa*, No. SA-14-CA-0080-XR, 2014 WL 4187180 (W.D. Tex. Aug. 21, 2014) (false arrest and false imprisonment case), *appeal docketed*, 14-51244 (5th Cir. Nov. 21, 2014); *Prewitt v. Continental Automotive*, 927 F.Supp.2d 435, 452–54 (W.D. Tex. 2013) (race discrimination and retaliation case); *Jackley v. City of Live Oak*, No. SA-08-CA-0211-OG, 2008 WL 5352944 (W.D. Tex. Dec. 19, 2008) (age discrimination, whistleblower, and constitutional claims dismissed).

[37] *See, e.g.* *Whitlock v. Lazer Spot, Inc.*, No. 16-30139, 2016 WL 4363149 (5th Cir. Aug. 15, 2016) (race discrimination and hostile work environment claims); *Richards v. JRK Property Holdings*, 405 F. App'x 829 (5th Cir. 2010) (race discrimination and retaliation claims).

DATED: October 17, 2016

Respectfully submitted,

**RICHARD L. DURBIN, JR.,**
United States Attorney

By:    /s/ *Robert Shaw-Meadow*

AGENCY COUNSEL:
Xinyu Yang
U.S. Postal Service Law Department
Southern Law Office
P.O. Box 227078
Dallas, Texas  75222-7080

**ROBERT SHAW-MEADOW**
Assistant United States Attorney
Texas Bar No. 18162475
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Telephone: (210) 384-7355
Facsimile:  (210) 384-7312
E-mail: Rob.Shaw-Meadow@usdoj.gov

**CHARLES K. COOPER**
Assistant United States Attorney
Texas Bar No. 24074070
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 370-1262 (phone)
(512) 916-5854 (fax)
Charlie.Cooper@usdoj.gov

**ATTORNEYS FOR DEFEENDANT**


## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system on this 17th day of October, 2016, and was served via ECF as follows:

Markes E. Kirkwood
Law Office of Markes E. Kirkwood P.L.L.C.
2600 McCullough
San Antonio, TX 78212
kirkwoodmarkes@yahoo.com

                                 /s/ *Robert Shaw-Meadow*
                                 **ROBERT SHAW-MEADOW**
                                 Assistant United States Attorney