FILED
2017 JAN -9 PM 3: 03
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VALORIE A. BROWN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil No. 5:16-CV-0563-OLG |
| | ) |
| MEGAN J. BRENNAN, | ) |
| POST MASTER GENERAL, | ) |
| U.S. POSTAL SERVICE, | ) |
| | ) |
| *Defendant*. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss (docket no. 12), Plaintiff's response thereto (docket no. 15), and Defendant's reply (docket no. 17). The Court concludes that Defendant's motion should be GRANTED for the reasons set forth below.

I. **Background**

Plaintiff has asserted 28 separate claims. Plaintiff's claims occurred over the lapse of two years beginning in September 2012 and concluding in December 2015. Plaintiff's claims include six legal bases: retaliation, racial discrimination (Caucasian), gender discrimination (female), age discrimination (over 40 years old), disability discrimination under Title VII, and hostile work environment. Plaintiff alleges she endured repeated discrimination and harassment which caused her to resign in December 2015.

On September 13, 2016 Defendant filed a Motion to dismiss pursuant to Rule 12 (b)(6) for failure to state a claim. Defendant argues Plaintiff has failed to plead sufficient facts to show she (1) received disparate treatment or was discriminated against (2) was discriminated against under a protected classification, and (3) was constructively discharged. Defendant also argues,

and Plaintiff agrees, that Plaintiff failed to exhaust her administrative remedies for her claims occurring between May 25, 2015, and October 10, 2015. Docket no. 15 at 16. The Court will not address these claims. Regarding the remainder of Plaintiff's claims, Defendant has filed an appendix of evidence in support of the motion to dismiss, which include the Equal Employment Opportunity Commission (EEO) regarding Plaintiff's 2013 claims and a final agency decision, and EEO Counselor's Report regarding Plaintiff's 2014 claim. Docket no. 11. It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not "go outside the complaint." *See, e.g., Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). There is one recognized exception to that rule: A district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* If, however, a district court considers other information "outside the complaint," it must treat the motion to dismiss as a motion for summary judgment. *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004). The Court, however, did not consider any evidence provided by Defendant in their motion to dismiss. Therefore, the Court will address Defendant's motion as a motion to dismiss.

The facts that Plaintiff has pled overlap across her various claims and they include: (1) Violation of the December 15, 2011 EEO Settlement Agreement, (2) Wrongful accusation of falsifying a CA-17 form, (3) Being required to provide medical provider sheet for medical appointment personally not via fax, (4) Delay of Plaintiff's CA-17 forms, (5) Allegations of intentional discrepancies regarding Plaintiff's injury claims, (6) Erroneous information regarding the receipt of plaintiffs prior insurance claims, (7) Being accused of falsifying her OWCP claim, (8) was wrongfully denied her OWCP file, (9) Being denied assistance when her insurance benefits were set to lapse, (10) Being coerced into filing retirement paperwork, (11) Failure to

investigate discrimination and hostile work environment claims. Plaintiff has suffered multiple injuries during her employment and has been on leave on repeated occasions. Plaintiff's allegations stem from these injuries and her interaction with management regarding her injuries and subsequent medical appointments. The Court will proceed to analyze Plaintiff's six legal bases along with the facts Plaintiff has pled in her first amended complaint (docket no. 18) to determine if Plaintiff has pled sufficient facts in support of her claims which would entitle her to relief. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

II. **Legal Standard**

A motion to dismiss for failure to state a claim may be granted when the complaint fails to state a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). The complaint must be liberally construed in favor of the plaintiff. In deciding whether to grant a motion to dismiss for failure to state a claim, a district court must accept the facts of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

Under Federal Rule of Civil Procedure 8(a) a complaint is considered well pled if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief[,]". F.R.C.P. 8(a) is considered in conjunction with Rule 12(b)(6) which provides that a complaint may be dismissed if it "fails to state a claim upon which relief can be granted[.]" Courts apply these rules through the two-part process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of all facts alleged in the complaint, it fails to state a "claim to relief that is plausible on its face." *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to state a plausible claim to relief, the complaint must include "allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Twombly*, 550 U.S. at 562. Those allegations may be "either direct or inferential[.]" *Id.* In applying Rule 12(b)(6) the Court must distinguish between pleadings of fact, which are presumed as true, and statements of legal conclusion, which are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 664. This distinction arises from "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265). Throughout the Rule 12(b)(6) analysis, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Morgan v. Swanson*, 659 F.3d 359, 370 n.17 (5th Cir. 2011) (en banc) (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)).

   III.   **Analysis**

Plaintiff's claims include racial, and gender discrimination, retaliation, and hostile work environment under Title VII as well as age and disability discrimination. The Court will address each of Plaintiff's claims to determine whether Plaintiff has pled sufficient facts to each element of her claims. The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). If Plaintiff pleads sufficient facts regarding the elements of his prima facie case the burden would shift to the Defendant to demonstrate a nondiscriminatory reason for termination. *Id.* However, under Fifth Circuit precedent Plaintiff "need not make out a prima facie case of discrimination in order to survive a rule 12(b)(6)

4

motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992 (2002)). Although Plaintiff does not need to submit evidence to establish a prima facie case at this stage, she does have to plead sufficient facts on all of the ultimate elements of her claims to make her case plausible. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467 (5th Cir. 2016).

    a. <u>Plaintiff's Retaliation Claim</u>

In her first amended complaint, Plaintiff asserts a claim for retaliation. Specifically, Plaintiff alleges " Defendant Agent's, supervisors, Debra Jackson, Eddie Jaramillo, Arnold Pena, Sharon Faust, Norma Olsen, and other employees of the Defendant, United States Postal Service, intentionally retaliated against Plaintiff because of her prior EEO activities." Docket no. 18-1 at 175. "Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin." *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir.1996) (citing 42 U.S.C. § 2000e–2(a)).

To state a claim for retaliation under Title VII, a plaintiff must allege that: (1) she engaged in protected activity, (2) that an adverse employment action occurred, and (3) that the adverse employment action occurred as a result of plaintiff's engagement in a protected activity. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quoting *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002)). Plaintiff did file EEO claims, which is recognized as a protected activity. *Hernandez v. Johnson*, 514 F. App'x 492, 497 (5th Cir. 2013). Thus, at issue is whether Plaintiff has pled sufficient facts to show she suffered an adverse employment action as a result of engaging in a protected activity.

i. *Adverse Employment Action*

Under the second factor Plaintiff must plead facts to show she suffered an adverse employment action. This element is required for all of Plaintiff's discrimination claims, therefore the Court will address this factor at length. Plaintiff alleges she suffered an adverse employment action for (1) inconveniences she endured at work (2) for being allegedly forced to resign due to the circumstances surrounding her employment, and (3) for losing he benefits. The Court will address each set of facts separately.

Plaintiff's first argument is that the inconveniences and issues she encountered in her place of employment constituted an adverse employment action. In her complaint, Plaintiff alleges that "adverse employment action, (failure to accommodate her use of the restroom closest to her work area, delay in processing of her forms, and being asked to present forms in person) occurred because of her prior EEO activities."[1] Docket no. 18-1 at 175. Plaintiff's allegations that she did not receive an accommodation to use the nearest restroom or had to present her forms directly in the office are insufficient to constitute an adverse employment action. "A bare-bones allegation that these actions are materially adverse are only unsupported conclusory claims" *Wheat v. Florida Par. Juvenile Justice Comm'n*, 811 F.3d 702, 707 (5th Cir. 2016). Such allegations fail to provide the contextual detail that is required for materially adverse actions. In *Burlington*, the Supreme Court made clear that context is critical and that the determination of an adverse employment action is highly based on the circumstances. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69, 126 S. Ct. 2405, 2415 (2006). Here, the circumstances Plaintiff alleges to have endured are insufficient to rise to the level of a constructive discharge.

---

[1] Plaintiff relies on the same set of facts to establish adverse employment action under her discrimination claims as well. However, in asserting her other claims Plaintiff alleges these actions occurred due to racial, gender, age, and disability discrimination.

The inconveniences Plaintiff may have experienced in walking an extra 50 ft. to the restroom, having to present her forms in person and perhaps with additional detail, and delay in receiving paperwork do not amount to an adverse employment action. These actions, when viewed in the context of the circumstances surrounding them, were not "calculated [by Plaintiff's supervisors] to encourage [Plaintiff's] resignation" and do not meet the established standard for a constructive discharge. *McCoy v. City of Shreveport*, 492 F.3d 551, 558 (5th Cir. 2007). Plaintiff has not pled the necessary facts to establish her employer's failure to accommodate amounted to an adverse employment action. Plaintiff's statements are legal conclusions which are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 664.

The Court will now address Plaintiff's second argument—that the circumstances surrounding her employment forced her to resign. Docket no. 18-1 at 175. In determining whether a reasonable employee would feel compelled to resign, courts typically consider whether the employee has been subjected to (1) a demotion, (2) a salary reduction, (3) a reduction in job responsibilities, (4) reassignment to menial work, (5) reassignment to work under a younger supervisor, or (6) badgering, harassment, or humiliation by the employer, that is calculated to encourage an employee's resignation; or has been offered early retirement or continued employment on less favorable terms. *Woods v. Sheldon Indep. Sch. Dist.*, 232 F. App'x 385, 388 (5th Cir. 2007). Plaintiff did not specifically plead that (1) she was demoted, (2) received a salary reduction, (3) had her responsibilities reduced (4) was reassigned to menial work or to a younger supervisor, and (5) was not offered "early" retirement or less favorable employment terms. Although Plaintiff made none of those statements plainly, the Court interpreting Plaintiff's complaint in light most favorable to her will address arguments presented by Plaintiff that may reflect similar factors.

7

First, regarding demotion and salary reduction, Plaintiff alleges in order to reduce her interaction with one of her allegedly harassing supervisors she "resigned from her position as a T-6, and she considered this a demotion". Docket no. 18-1 at 45. However, Plaintiff does not provide any facts as to why she considered this to be a demotion, she merely states it was. Plaintiff did not plead facts to show her salary or responsibilities were in fact reduced. Further, Plaintiff only asserts her resignation was "involuntary" but pleads no facts that could establish a forced resignation. *Id.* Plaintiff presents only legal conclusions which "are not entitled to a presumption of truth." *Iqbal*, 556 U.S. at 664.

Second, Plaintiff does not actually allege she was offered "early retirement". Nonetheless, Plaintiff claims on November 2013 she was asked "point blank why she did not just retire." Docket no. 18-1 at 76. However, this did not cause Plaintiff to retire as she continued to be employed by defendant—although on medical leave—until December 2015. Plaintiff also alleged that on December, 2014 another supervisor told her they would help her with her insurance documents if she presented her notarized resignation. Docket no. 18-1 at 78. Still, Plaintiff in her complaint states she did not retire until a year later on December 15, 2015. *Id* at 83. Plaintiff continued her employment for a substantial amount of time. The Fifth Circuit has found that a "comment is not evidence of discrimination if it is the sole proof of pretext, or if it is not made in temporal proximity to the adverse employment decision." *Cervantez v. KMGP Servs. Co. Inc.*, 349 F. App'x 4, 11 (5th Cir. 2009). There is no temporal proximity between the alleged comments and Plaintiff's resignation. Plaintiff's decision to continue employment are those of a reasonable employee who had been employed for over twenty years, had been on medical leave for over a year, and who did not view resignation or retirement as the only alternative to termination. *Woods v. Sheldon Indep. Sch. Dist.*, 232 F. App'x 385, 389 (5th Cir. 2007). In fact two years passed since the first retirement comment was made in 2013 and over a year passed

8

since the second statement made in 2014 and Plaintiff's actual retirement in December 2015. The facts provided by Plaintiff show she continued her employment despite these remarks and could not support the legal conclusion that she was constructively discharged. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Plaintiff was not terminated and her assertion that she suffered an adverse employment action is a legal conclusion which "is not entitled to a presumption of truth." *Iqbal*, 556 U.S. at 664.

Plaintiff's third argument is that she suffered an adverse employment when her insurance benefits lapsed. Docket no. 18-1 at 75. Defendant argues that "[t]he alleged improper alteration and delay of worker's compensation documents and insurance forms, which are not shown to reduce pay or benefits are insufficient." Docket no. 12 p.9. However, Denial of health insurance benefits to an employee constitutes an adverse employment action, *if* the employee was qualified to receive said benefits. *See E.E. O.C. v. Dunbar Diagnostic Servs. Inc.*, 92 F.App'x 83, 83 (5th Cir. 2004) (emphasis added). To establish Plaintiff suffered an adverse employment action she must plead sufficient facts to show she was in fact qualified to receive these benefits when they lapsed. Plaintiff in her complaint states the reason her insurance benefits were set to lapse was because she had not met "the four-month requirement of continual pay in a one-year period." Docket no. 18-1 at 66. Plaintiff concludes she had not met the requirement because "Mrs. Faust ...was refusing to properly complete her CA-7A., and was accused of falsifying her OWCP." *Id*. Plaintiff fails to plead facts to support this conclusion. *Iqbal*, 556 U.S. at 664. Plaintiff also asserts she had to buy back sick leave when she shouldn't have had to. Docket no. 12 p. 9. However, Plaintiff has not presented facts to show her actual entitlement to said benefits or that her employer's actions in fact caused her insurance to lapse. In the absence of an adverse

employment action Plaintiff has failed to plead the necessary facts to establish a plausible claim for relief.

Nevertheless, in an abundance of caution the Court will assume Plaintiff did suffer an adverse employment action regarding her employee benefits. In order to have a viable claim for relief Plaintiff must still plead sufficient facts regarding the causation element of her claim.

### ii. Causation Element

Assuming Plaintiff had provided sufficient facts to support the second factor showing an adverse employment action, Plaintiff must still provide facts to show the adverse employment action occurred but for her engagement in a protected activity. Plaintiff did not plead facts showing any of the alleged hostile or harassing actions or lapse of her insurance coverage were motivated by Plaintiff's prior EEO complaints. In fact, Plaintiff did not plead facts showing her supervisors ever made any notable comments regarding her prior complaints. Plaintiff's complaint merely recites the legal elements of her claims but fails to provide supporting facts. "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517, 2533, (2013). Plaintiff has failed to provide facts that could support the finding that she suffered an adverse employment action but for her EEO complaints. In sum, Plaintiff has failed to plead facts regarding the second and third elements of her retaliation claim to make her case plausible. *Chhim,* 836 F.3d at 467.

### b. Plaintiff's Racial Discrimination Claims

Plaintiff also alleges she was discriminated by her employer on the basis of her race— Caucasian— from September 2012 to February 2013, from January 2014 to December 2014, and on December 2015. The elements for a claim of racial discrimination are: (1) membership in a

protected group, (2) an adverse employment action, (3) that Plaintiff was treated differently than other similarly situated employees. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). Plaintiff must plead facts supporting each element of her claim. *Chhim*, 836 F.3d 467.

Under the first element Plaintiff must plead facts to show she is the member of a protected group. Plaintiff alleges she was discriminated against on the basis of race. Therefore, at issue are the second and third elements of Plaintiff's claim.

Under the second element, Plaintiff must plead facts showing she suffered an adverse employment action. As previously discussed by the Court Plaintiff has not pled sufficient facts to show an adverse employment action. Plaintiff resigned from her position and although she argues that she was constructively discharged she has failed to present facts to support a finding of constructive discharge.

Assuming arguendo that Plaintiff had pled sufficient facts regarding the first two elements of her claim, Plaintiff must still allege facts regarding the third element of her prima facie case—that race was a motivating factor for her termination. Under a Title VII discrimination claim the Court applies the less stringent "motivating factor" instead of the "but for" test. *Chavez v. City of San Antonio*, No. 15-51111, 2016 WL 4073300, at *2 (5th Cir. July 29, 2016) (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, — U.S. —, 133 S.Ct. 2517, 2533 (2013). Plaintiff has provided no facts that suggest or indicate that race was a motivating factor for any of the alleged adverse employment actions. In her first amended complaint, Plaintiff alleges her supervisor refused to give her CA-17 to attend medical appointments, yelled at her, embarrassed her, harassed her in her delivery route, and failed to investigate Plaintiff's discrimination claims. Docket no. 18-1 at 86. Further, Plaintiff alleges Defendant's agents

conspired to deny and deprive her of her rights and employment privileges and ultimately terminated her employment due to her race. Docket no. 18-1 at 87-107. However, the facts Plaintiff has provided, even if taken as true, are insufficient to demonstrate racially motivated behavior on the part of Defendant. These conclusory allegations do not contain necessary facts for the Court to draw the inference that Defendant's actions were motivated by race.

Consequently, Plaintiff has failed to plead sufficient facts regarding the third element of her racial discrimination claim. Plaintiff has not presented the Court with any facts that show any racially direct or indirect behavior on the part of Defendant. Plaintiff's statements that she suffered an adverse employment action motivated by racial discrimination states a legal conclusion, which is not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 664. The facts presented are insufficient to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 555.

### c. Plaintiff's Gender Discrimination Claims

Plaintiff in her complaint also alleges she was discriminated against on the basis of gender. Under the *McDonnell Douglas* test, a Title VII plaintiff alleging gender discrimination must show (1) that she is a member of a protected class; (2) that she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). Although Plaintiff does not need to submit evidence to establish a prima facie case of discrimination at this stage, she does have to plead sufficient facts on all of the ultimate elements of her claims to make her case plausible. *Chhim* 836 F.3d at 467.There is no dispute as two the first two elements, Plaintiff is a member of a protected class,

female, and there is no dispute regarding her qualifications for the job. Therefore, at issue is whether Plaintiff has provided facts to support the allegations that she suffered an adverse employment action motivated because of her gender and that was treated less favorably than other similarly situated employees outside of her class—males.

Under the third factor, Plaintiff must plead sufficient facts to show she was subject to an adverse employment action. As the court discussed *supra,* Plaintiff was not subject to an adverse employment action. Nonetheless, in an abundance of caution the Court will assume Plaintiff was subject to an adverse employment action and will analyze the fourth element of Plaintiff's claim.

Under the fourth factor, Plaintiff must plead facts to support "she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class." *Haire* 719 F.3d at 363. In her complaint, Plaintiff reiterates the same factors as those listed under her race discrimination claim to allege gender discrimination. Docket no. 18-1 at 108-122. Plaintiff's gender discrimination allegations fail to include any facts or evidence that indicate her gender played a role in the alleged adverse employment actions. Plaintiff simply concludes as a matter of fact that she suffered an adverse employment action because of her gender. "Plaintiff alleges that adverse employment action (being forced to buy back sick leave, numerous actions listed below which resulted in her constructive discharge, and loss of the privileges of her job) occurred because of her gender." Docket no. 18-1 at 116. Plaintiff further states in her complaint "[a]lthough these practices appear to be neutral, they serve to discriminate against a disproportionate number of persons of Plaintiff's gender." *Id.* However, Plaintiff has failed to show the Court with facts indicating that Defendant's actions in fact discriminated against a "disproportionate number of persons of Plaintiff's gender." *Id.* Plaintiff provided no facts to show any adverse action occurred on the basis of Plaintiff's gender.

Thus, the Court must conclude that Plaintiff's conclusory allegations do not contain sufficient facts to allow the Court to draw the inference that Defendant's actions amount to gender discrimination.

In sum, Plaintiff has failed to introduce sufficient evidence to show gender was a motivating factor for her employer's alleged adverse actions. *Mooney v. Lafayette Cty. Sch. Dist.*, 538 F. App'x 447, 449 (5th Cir. 2013).[2] Even under this less strict motivating factor standard, Plaintiff has failed to plead facts to show causal connection between her gender and her employer's alleged adverse employment actions. Plaintiff has failed to demonstrate the 'grounds' of her 'entitle[ment] to relief, Plaintiff has not plead sufficient facts to meet her prima facie case,' Plaintiff's conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265).

### d. Plaintiff's Age Discrimination Claims

Plaintiff also alleges "Defendant's Agent, Debra Jackson, intentionally discriminated against Plaintiff because of her age." Docket no. 18-1 at 132. The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a)(1). The *McDonnell Douglas* framework also applies to claims of disparate treatment under the ADEA. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). However, the Supreme Court has rejected the application of Title VII's "motivating factor" element to ADEA claims. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343 (2009). To establish a disparate treatment claim under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.*

---

[2] As previously addressed by the court Plaintiff has also failed to provide sufficient evidence to demonstrate her resignation amounted to a constructive discharge.

That is, age must be "*the* 'reason' that the employer decided to act." *Id.* (emphasis added); *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 475 (5th Cir. 2015).

Plaintiff in asserting her age discrimination claims repeats the same incidents or alleged discrimination as she had stated for her other discriminations claims, except she now argues they "occurred because of her age 40 years or older." Docket no. 18-1 at 140. Plaintiff's claim is flawed as she does not provide facts to support the conclusory statement that she was terminated but for her age. Further, Plaintiff has not pled facts to show she was replaced by someone younger. *See Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir.2010) (ADEA claims require a showing that, inter alia, the plaintiff was "replaced by someone younger, or [ ] otherwise discharged because of [her] age"). *Gillie v. Louisiana Dep't of State Civil Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014). In sum, Plaintiff has failed to plead sufficient facts regarding the elements of her prima facie case.

e. Plaintiff's Disability Discrimination Claims

Finally, Plaintiff alleges she was discriminated against on the basis of disability. In order to prove a prima facie case of discrimination under the Americans with Disabilities Act (ADA), a plaintiff must show that: (1) she has a disability, that (2) she is qualified for the job, and that (3) she suffered an adverse employment decision because of her disability. *Hammond v. Jacobs Field Servs.*, 499 F. App'x 377, 381 (5th Cir. 2012). "However, Plaintiff need not make out a prima facie case of discrimination in order to survive a rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj.* 714 F.3d at 331. Although Plaintiff does not need to submit evidence to establish a prima facie case of discrimination at this stage, she does have to plead sufficient facts on all of the ultimate elements of her claims to make her case plausible. *Chhim,* 836 F.3d 467.

Under the first factor, Plaintiff must plead facts that demonstrate she is disabled or was disabled at the time of her termination. A plaintiff is disabled under the ADA when she is substantially limited in the performance of a major life activity. *Rogers v. Int. Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). "Major life activities" are things such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir. 2000) (citing 29 C.F.R. § 1630.2). However, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); *Deas v. River West, L.P.*, 152 F.3d 471, 481 (5th Cir. 1998), *cert. denied*, 527 U.S. 1035, 119 S. Ct. 2392 (1999). Similarly, the Fifth Circuit has held that "[a]n employer's belief that an employee is unable to perform one task with an adequate safety margin does not establish per se that the employer regards the employee as having a substantial limitation on his ability to work in general." *Anderson v. City of Dallas*, 116 F. App'x 19, 28–29 (5th Cir. 2004) (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir.1993); *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir.1996), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 770 (1997)).

Although Plaintiff claims that she was limited in the amount of weight she could carry, she has not provided evidence to establish that she was unable to work altogether at the time she resigned. Docket no. 18-1 at 24. Plaintiff did allege "The doctor placed profile which did not require her to perform her job duties" in 2013. Docket no. 18-1 at 49. It is unclear whether this situation continued until she resigned in 2015-2016 and whether Plaintiff's limitations extended beyond "singular particular job". *Deas* 152 F.3d at 481. Assuming arguendo Plaintiff in fact was disabled when she resigned, she must still provide facts to show she was affected by an adverse

employment action. As the Court previously discussed the circumstances surrounding Plaintiff's resignation do not rise to the level of constructive discharge.

However, further assuming Plaintiff did suffer an adverse employment action, Plaintiff would still have to present facts showing she was effectively terminated because of her disability. *Hammond*, 499 F. App'x at 381. However, even in the light most favorable to her, "Plaintiff's contentions fall short of viable legal theory." *Twombly*, 550 U.S. at 562. In fact Plaintiff in her complaint established that she had been dealing with injuries since 2012, had to attend numerous medical appointments, had to have her carrying weight reduced, and received several other concessions throughout the years she worked while injured. Docket no. 18-1. Plaintiff has not pled facts to support that she suffered an adverse employment action *because* of her disability. Therefore, dismissal is appropriate on Plaintiff's disability discrimination claim, because she has failed to plead facts supporting the elements of her claim. *Chhim*, 836 F.3d at 467.

    a. <u>Plaintiff's Hostile Work Environment Claim</u>

Plaintiff also alleges she endured a hostile work environment during her employment with Defendant. In order to establish a hostile working environment claim, Plaintiff must plead sufficient facts to prove: (1) she belongs to a protected group; (2) she was subjected to unwelcomed harassment; (3) the harassment complained of was based on a protected ground; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citing *Celestine v. Petroleos de Venezuella SA,* 266 F.3d 343, 353(5th Cir.2001); *Jones v. Flagship Int'l*, 793 F.2d

714, 719-720 (5th Cir.1986)). Plaintiff must plead sufficient facts to each element of her hostile work environment claim. *Chhim,* 836 F.3d at 467.

First, the Court will assume plaintiff belongs to a protected group. Second, Plaintiff must plead sufficient facts to show she was subjected to unwelcomed harassment. Plaintiff alleges her work situation was intolerable because she was harassed and humiliated by her supervisors and management. Plaintiff's allegations include "(1) her supervisor stood directly behind her with her arms folded and stared at her in an intimidating manner to intimidate her, (2) Plaintiff's supervisor conducted harassing route inspections, (3)Plaintiff's CA-17 were delayed which impacted her pre-scheduled medical appointments" among others. Docket no. 18-1 at 183. Plaintiff further alleges "the determinations complained of herein were arbitrary, unlawful irrational, against the evidence and otherwise not in accordance with law." Docket no. 18-1 at 129. However, the facts presented by Plaintiff do not constitute unlawful employment practices. To establish a hostile work environment claim, an "*unlawful employment practice* must have occurred 'over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.' " *Whitlock v. Lazer Spot, Inc.*, No. 16-30139, 2016 WL 4363149, at *2 (5th Cir. Aug. 15, 2016) (citing *Mack v. John L. Wortham & Son, L.P.,* 541 Fed.Appx. 348, 356–57 (5th Cir. 2013)) (emphasis added). Thus, Plaintiff has failed to plead sufficient facts regarding the second element of her hostile work environment claim.

Under the third element, Plaintiff must plead the harassment complained of was based a protected ground. As the Court discussed in Plaintiff's prior claims, Plaintiff has not pled facts to show her supervisors engaged in any practice as a result of her race, gender, age, disability or for filing EEO complaints. Plaintiff has failed to plead sufficient facts regarding the third element of her hostile work environment claim. Because Plaintiff has not pled sufficient facts to show she was subjected to unwelcomed harassment and Plaintiff has also not pled sufficient facts to show

18

any behavior on part of Defendant was on the bases of a protected ground, the Court will end its analysis here. The facts pled by Plaintiff are insufficient to establish a plausible claim for relief.

IV. **Conclusion**

Plaintiff has failed to plead sufficient facts on all of the ultimate elements as to her race, gender, disability, retaliation, and hostile work environment claims to make her case plausible. *Chhim,* 836 F.3d at 467.

It is therefore ORDERED that Defendant's Motion to Dismiss (docket no. 12) is GRANTED.

The Clerk of the Court is hereby instructed to close the case upon entry of this Order.

IT IS SO ORDERED.
SIGNED this 6 day of Jan, 2016. 2017

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE